Matthias, J.,
 

 concurring. I concur in the judgment of affirmance and in all propositions of the syllabus except four and five; from’ these I dissent.
 

 The primary question presented, considered and decided by this court upon the former submission of the case was whether, in determining the lawfulness of the commitment of a witness for refusal to answer questions upon the taking of his deposition, the court, in a
 
 habeas corpus
 
 proceeding, could deny the witness any hearing upon or any consideration of the challenged relevancy or competency of the questions, for refusal to answer which the witness had been committed.
 

 This court previously held that the Court of Appeals, in refusing to hear the petitioner on the issue of relevancy and competency, committed prejudicial error. Thereupon the Court of Appeals, pursuant to and in compliance with the mandate of this court, upon further hearing and consideration, re-examined the questions which had been challenged upon the ground
 
 *107
 
 of competency, whether as privileged or otherwise,, and held that, while “As to some of the questions,, standing alone, the objections may seem well taken but. when considered as a part of the whole inquiry” arn. competent.
 

 That court having proceeded pursuant to and in. accordance with the mandate of this court, I am not. disposed to reverse its finding and conclusion.
 

 I adhere to the decision of .this court as announced in the syllabus in
 
 In re Martin, Jr.,
 
 139 Ohio St., 609, 41 N. E. (2d), 602, which follows and applies the pertinent rule announced in previous Ohio cases. I am not, however, in accord with the statement in that opinion that the order of commitment was indivisible. The-commitment, would be valid if it be found that the witness had unlawfully refused to answer any question.
 

 The majority now relies strongly upon the decision of
 
 DeCamp v. Archibald,
 
 50 Ohio St., 618, 35 N. E., 1056. The conclusion is unavoidable that subsequent, decisions of this court cited in the former opinion in this case modified materially the holding in the
 
 DeCamp case, supra.
 
 It is to be observed that in that, cáse, as in some other cases cited in the majority opinion herein, the reviewing court considered and determined the competency of the questions challenged.
 

 In the opinion in
 
 Ex parte Jennings,
 
 60 Ohio St., 319, 54 N. E., 262, this court held, as stated in the syllabus,, that if a witness whose deposition is being taken be imprisoned for refusal to testify to facts not relevant, to the issues in the case, and disclosure of such irrelevant facts would be injurious to the business of the witness, he may be discharged on
 
 habeas corpus.
 
 Shauclq. J., in his opinon directed attention to the fact that in the
 
 DeCamp case
 
 “it was clearly pointed out in the opinion that the question which the witness refused to answer was competent.”
 

 That the syllabus in the
 
 DeCamp case
 
 was at least
 
 *108
 
 modified, if not in effect overruled, in the
 
 Jennings case
 
 is attested by the fact that Minsfiall, J., who wrote the opinion in the former case, dissented from the syllabus in the latter case.
 

 In referring to the
 
 DeCamp case,
 
 it is said in 14 Ohio Jurisprudence, 39: “This holding has been modified by subsequent decisions, however, to the extent that the witness in this situation may, if he chooses, decline to answer, if in his opinion the evidence sought to be elicited by the question is incompetent or irrelevant, as well as where he considers the matter privileged, and, in the event of being committed for contempt on account of such refusal, seek his vindication in a
 
 habeas corpus
 
 proceeding, which would necessarily involve a determination of the question, the legality of the commitment depending upon the legality of the order to answer, and the legality of the order to answer depending, in turn, upon the admissibility of the evidence sought to be elicited by the question propounded, or upon its character as privileged, as the case might be.”